IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MONICA FERNANDA POMA CHIRIBOGA<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; EVAN TJADEN, in his official capacity as Acting ICE Field Officer Director; MIKE SMITH, in his official capacity as the County Sheriff of Utah County and warden of the Utah County Jail; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | ORDER TO STAY TRANSFER<br><br>Case No. 2:26-cv-00760-JNP<br><br>Chief District Judge Jill N. Parrish |

In light of Petitioner's interests in participating in further proceedings before this court and in maintaining adequate access to legal counsel through these proceedings, the court ORDERS that the Petitioner shall not be transferred except to a facility where Petitioner can be transported and made available for in-person hearings, within a **100-mile radius of the Orrin G. Hatch United States Courthouse**. *See Ozturk v. Trump*, No. 25 Civ. 374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir.

2025); *Westley v. Harper*, No. 25 Civ. 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19 Civ. 1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20 Civ. 22999, ECF No. 13 (S.D. Fla. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

DATED August 24, 2026.

BY THE COURT

Jill N. Parrish
United States District Court, Chief Judge